NO. 07-01-00292-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 30, 2002

______________________________



SAKS FIFTH AVENUE OF TEXAS, INC.
,




 Appellant


v.



BETTY R. LOTT, 




 Appellee

_________________________________



FROM THE 55TH DISTRICT COURT OF HARRIS COUNTY;



NO. 99-58410; HON. SHERRY RADACK, PRESIDING


_______________________________



 Dismissal________________________________

 

Before QUINN, REAVIS, and JOHNSON, J.J.

 Prior to its scheduled March 26, 2002 oral argument in Houston, Saks Fifth Avenue
of Texas, Inc., appellant, represented to this court (viz letter dated March 22, 2002) that
"the parties [had] reached a settlement" in the present case. The case was then vacated
based on same. A letter was then sent to the parties informing them that "[i]f the court [did]
not receive the settlement by April 29, 2002, the case [would] be dismissed based on [their]
representation that it had been settled." Having not received any response from the
parties, we dismiss the cause pursuant to appellant's representation that the dispute was
settled. 

 Per Curiam



Do not publish. 



 was no
reversible error and of appellant's right to appeal pro se. By letter dated April 28, 2004, this
court notified appellant of his right to file his own briefs or responses by May 27, 2004, if
he wished to do so. To date, appellant has failed to file a response or a motion for
extension of time to file same. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
three potential areas for appeal which were founded upon 1) the voluntariness of
appellant's plea, 2) the sufficiency of evidence to support a finding of guilt and an
affirmative finding that a deadly weapon was used, and 3) the effectiveness of trial counsel. 
However, appellate counsel then satisfactorily explained why the arguments lacked merit.
Thereafter, we conducted our own review of the record to assess the accuracy of appellate
counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not only
confirmed the accuracy of appellate counsel's representations but also failed to reveal any
error.

 Accordingly, the motions to withdraw are granted, and the judgments are affirmed.

 

 Brian Quinn 

 Justice 


Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967).